USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/12/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

DWIGHT MUNDLE,

                Defendant.

---

No. 15-cr-315 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

On April 4, 2016, the Defendant Dwight Mundle proceeded to trial on the two-count superseding indictment (the "Indictment"). On April 6, after the Government rested its case-in-chief, the Defendant moved for a judgment of acquittal as to both counts of the Indictment. The Court denied the Defendant's motion in a ruling on the record. On April 7, 2016, the Defendant was convicted by a jury on count one of the Indictment, which charged the Defendant with transmitting a threatening communication in interstate commerce, in violation of Section 875(c) of Title 18 of the United States Code ("Count One").[1] Presently before the Court is the Defendant's renewed motion for a judgment of acquittal as to Count One. For the reasons that follow, the Defendant's motion is DENIED.

## LEGAL STANDARD

After entry of a jury verdict, "a defendant may move for a judgment of acquittal." Fed. R. Crim. P. 29(c)(1). "In determining a defendant's motion for a judgment of acquittal, the court must 'consider the evidence presented at trial in the light most favorable to the government,

---

[1] The jury returned a verdict of not guilty on count two of the Indictment, which charged the Defendant with using, carrying, and possessing a firearm during and in relation to the crime of violence charged in Count One in violation of Section 924(c) of Title 18 of the United States Code ("Count Two").

crediting all inferences in the government's favor.'" *United States v. Gupta*, No. 07-cr-177 (DAB), 2008 WL 8907706, at *1 (S.D.N.Y. Apr. 14, 2008) (quoting *United States v. Thorn*, 317 F.3d 107, 132 (2d Cir. 2003)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In this regard, the defendant who is challenging the sufficiency of the evidence 'bears a heavy burden.'" *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (quoting *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted)).

"Pieces of evidence must be viewed not in isolation but in conjunction, and when evaluating the sufficiency of the evidence, courts do not assess witness credibility, resolve inconsistent testimony against the verdict, or otherwise weigh the significance of the evidence." *United States v. Thomas*, 981 F. Supp. 2d 229, 243–44 (S.D.N.Y. 2013) (internal quotations and citations omitted). Additionally, "where a court concludes . . . that 'either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'" *Gupta*, 2008 WL 8907706, at *1 (quoting *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (internal quotation marks omitted; alteration in original)). "'[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *Espaillet*, 380 F.3d at 718 (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks omitted)).

## DISCUSSION

The Defendant asserts that, in light of the jury's return of a not guilty verdict on Count Two, a judgment of acquittal is warranted because the Government failed to establish the third element of the Section 875(c) claim underlying Count One—that the defendant transmitted the threat knowingly and intentionally. *See Elonis v. United States*, 135 S. Ct. 2001 (2015). (ECF No. 35 at 1–2.) The Defendant's motion assumes that the only evidence at trial tending to prove the *mens rea* element of Count One was the Defendant's possession of a gun. However, the Defendant's motion ignores the other evidence before the jury that substantiates the charge that the Defendant threatened his sister knowingly and intentionally, even without possession of a firearm.

The testimony of Anika (the Defendant's sister) regarding the Defendant's statements demonstrates that the Defendant intended his statements as a true threat. Anika testified that, when she spoke with the Defendant on the phone, he "was very upset" and "was screaming at the top of his lungs." (Tr. at 187:4–5.) She further stated that she believed the Defendant would come to New York and kill her (*id.* at 186–88), and he told her over the phone that he would "send his people" to kill her. (*Id.* at 180:24–25.) In fact, Anika testified that the Defendant told her on the phone that he had previously gone to jail for killing people. (*Id.* at 181.) She also testified that she was aware that the Defendant had gone to jail and had visited him there. (*Id.* at 189–90.) Thus, even absent evidence regarding the Defendant's gun possession, a reasonable jury could conclude, based on Anika's testimony, that the Defendant intended his statements to be true threats.

Additionally, the testimony of Mr. Green (the Defendant's step-father) and Mrs. Green (the Defendant's mother) lend further support to the jury's determination that the Defendant

3

intended his statements to be true threats. Mr. Green stated that he spoke with his wife on the phone, and she sounded afraid of the Defendant. (*Id.* at 337.) Mrs. Green testified that the Defendant broke kitchen cabinets and the microwave, was "in a rampage," was "out of control," and was "jumping, screaming, [and] knocking his hands on the table or kitchen counter." (*Id.* at 48.) She also stated at trial that the Defendant told her he was going to drive to New York and "shoot everybody." (*Id.* at 64.) Again, a reasonably jury could conclude that based upon the Defendant's conduct and abuse of his mother, the Defendant intended his statements to Anika to be true threats.

Construing all of this evidence in the light most favorable to the Government, the Court finds that there was sufficient credible evidence to convict the Defendant of the crime charged in Count One. Therefore, the Court denies the Defendant's motion for judgment of acquittal.

## CONCLUSION

For the foregoing reasons, the Defendant's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 35.

Dated: May 12, 2016
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge